IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MUNICIPAL PARKING SERVICES, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>PARKING REVENUE RECOVERY SERVICES, INC., LAZ KARP ASSOCIATES, LLC and LAZ PARKING TEXAS, LLC,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>JURY DEMAND |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Municipal Parking Services, Inc. ("MPS") brings this action against Defendant Parking Revenue Recovery Services, Inc. ("PRRS"), and Defendants LAZ Karp Associates, LLC and LAZ Parking Texas, LLC, and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement of U.S. Patent No. 12,755,580 (Exhibit 1), (the "'580 patent").

2. Plaintiff MPS develops and sells innovative automated parking technology platforms that are now deployed in parking facilities and on streets across North America. The '580 patent was awarded to MPS to protect aspects of these revolutionary parking technology platforms.

3. Upon information and belief, Defendants are engaged in making, using, offering for sale, selling, importing, or otherwise providing, within the United States and in particular the State of Texas and this District, parking monitoring and management systems (the "accused systems" or "accused parking monitoring and management systems"), as alleged further herein

and in the attached Exhibit 2 which is incorporated herein by reference, and in so doing are infringing, directly or indirectly, claims of the '580 patent, and Defendants continue to do so willfully and without authorization.

4. MPS seeks to recover damages, attorney's fees, and costs arising from Defendants' infringement of MPS's patented technology. MPS also seeks an injunction against further infringement by Defendants.

## THE PARTIES

5. Plaintiff MPS is a Minnesota corporation having a place of business at 1421 Wells Branch Parkway, Pflugerville, Texas 78660.

6. MPS is the owner of the '580 patent.

7. MPS develops, markets, and sells innovative parking solutions that are deployed by cities, municipalities, and private parking facility operators.

8. Upon information and belief, Defendant PRRS is a Colorado corporation with a principal place of business located at 6025 S. Quebec St., Suite 350, Centennial, CO.[1]

9. Upon information and belief, PRRS also has and maintains regular and established places of business in this District, including in the city of Austin, Texas.

10. Upon information and belief, PRRS may be served with process by serving its registered agent, Incorp Services, Inc., 815 Brazos Street, Ste. 500, Austin, Texas 78701.[2]

[1] https://www.sos.state.co.us/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&masterFileId=20051367126&entityId2=20051367126&fileId=20051367126&srchTyp=ENTITY

[2] https://comptroller.texas.gov/taxes/franchise/account-status/search/32059110927

11. Upon information and belief, Defendant LAZ Karp Associates, LLC is an entity organized under the laws of Connecticut with a principal place of business at 1 Financial Plaza, Floor 14, Hartford, Connecticut 06103.[3]

12. Upon information and belief, LAZ Karp Associates, LLC also has and maintains a regular and established place of business in this District, including at 515 Congress Ave, Suite 2240, Austin, Texas 78701.[4]

13. Upon information and belief, LAZ Karp Associates, LLC may be served through its registered agent located at Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.[5]

14. Upon information and belief, Defendant LAZ Parking Texas, LLC is a limited liability company organized under the laws of Texas with a principal place of business at 1 Financial Plaza, Floor 14, Hartford, Connecticut 06103.[6]

15. Upon information and belief, LAZ Parking Texas, LLC has and maintains a regular and established place of business in this District, including at 515 Congress Ave, Suite 2240, Austin, Texas 78701.[7]

16. Upon information and belief, LAZ Parking Texas, LLC may be served through its registered agent located at Corporation Service Company, 211 East 7th Street, Suite 620, Austin,

---

[3] https://service.ct.gov/business/s/onlinebusinesssearch?businessNameEn=VMAbtbSIIFcQ27XZvUQUhIrXWnty42s5koArywX5H1w%3D

[4] https://www.lazparking.com/our-company/about/contact-us#ntx

[5] https://comptroller.texas.gov/taxes/franchise/account-status/search/12611647087

[6] https://comptroller.texas.gov/taxes/franchise/account-status/search/32018123284

[7] https://www.lazparking.com/our-company/about/contact-us#ntx

Texas 78701.[8]

17. Upon information and belief, LAZ Parking Texas, LLC is wholly owned by, and/or acts as the agent of, and/or is dominated, controlled and directed by, and/or acts as a mere instrumentality of, LAZ Karp Associates, LLC. For example, LAZ Parking Texas, LLC lists a principal place of business located at the same address as LAZ Karp Associates, LLC (1 Financial Plaza, Floor 14, Hartford, Connecticut);[9] Alan Lazowski is listed as the CEO and Director LAZ Parking Texas,[10] is the only listed principal of LAZ Karp Partners, LLC,[11] which is in turn, one of three principals of LAZ Karp Associates, LLC[12], and is named as the "Key Principal" of Laz Karp Associates, LLC by Dun & Bradstreet;[13] and LAZ Parking's business website also lists Mr. Lazowski as Chairman and CEO of LAZ Parking.[14] LAZ Karp Associates, LLC and LAZ Parking Texas, LLC are referred to collectively hereinafter as "LAZ Parking".

18. Upon information and belief, LAZ Parking owns, controls, and/or operates parking lots throughout the United States and has contracted with PRRS for the accused systems to be deployed and used at parking facilities LAZ Parking operates, including facilities in this

---

[8] https://comptroller.texas.gov/taxes/franchise/account-status/search/32018123284

[9] https://service.ct.gov/business/s/onlinebusinesssearch?businessNameEn=8OlpzHEHTCfdR%2BtvToZu%2BXToWSFv0GEYjLuZpsnbNy0%3D

[10] https://comptroller.texas.gov/taxes/franchise/account-status/search/32018123284

[11] https://service.ct.gov/business/s/onlinebusinesssearch?businessNameEn=KJbzm7DNP86n3yhc5PuFpkBTfHh6TB4RVClxjQoSWj5dejQ6TjLpGPQexkv7GCf3

[12] https://service.ct.gov/business/s/onlinebusinesssearch?businessNameEn=8OhkLOe59UkQS%2BdiYWX49%2BLMPQk37DZkSHpJmwq6M3gLzyLMyohOLaVm4%2BIkiC2%2F

[13] https://www.dnb.com/business-directory/company-profiles.laz_karp_associates_llc.5b4e676daa15bdc73b97d571813f201d.html

[14] https://www.lazparking.com/our-company/about/executive-profiles/alan-b.-lazowski

District and specifically in Austin, Texas.

## JURISDICTION AND VENUE

19. This action arises under the Patent Act, 35 U.S.C. § 271 et seq.

20. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

21. Jurisdiction and venue for this action are proper in this District.

22. As discussed in greater detail below, Defendants have each committed acts of patent infringement and/or induced and/or contributed to acts of patent infringement by others in this District, the State of Texas, and elsewhere in the United States, and continue to do so willfully and without authorization by making, using, offering for sale, selling, or importing and/or inducing others to use or contributing to others' use of parking monitoring and management systems that infringe claims of the '580 patent and/or have no substantial non-infringing use.

23. This Court has personal jurisdiction over Defendant PRRS at least because, through PRRS's own acts and/or through the acts of each other Defendant or customer acting as its agent, representative, or alter ego, PRRS (i) has a presence or regular and established place of business in the State of Texas and this District; (ii) has purposefully availed itself to the privileges of conducting business in the State of Texas and this District; (iii) has done and is doing substantial business in the State of Texas and this District, directly or through intermediaries, both generally and, on information and belief, with respect to the allegations in this Complaint, including committing (directly or indirectly) one or more acts of infringement in the State of Texas and this District; (iv) maintains continuous and systematic business contacts in the State of Texas and this District; and/or (v) provides systems alleged to be infringing in this Complaint, directly or through intermediaries, with awareness that such systems are likely

destined for sale, offer for sale, and/or use in the State of Texas and in this District.

24. Upon information and belief, PRRS is registered to do business in Texas with the Texas Comptroller of Public Accounts.[15] Upon information and belief, PRRS may be served with process by serving its registered agent, Incorp Services, Inc., located in this District at 815 Brazos Street, Ste. 500, Austin, TX 78701.[16]

25. Upon information and belief, PRRS does regularly and continuously do business in Texas and in this District.

26. Upon information and belief, PRRS maintains regular and established places of business in this District, including in the cities of Austin, Texas and San Antonio, Texas.

27. For example, upon information and belief PRRS installs and operates parking monitoring equipment at parking facilities in at least Austin, Texas and San Antonio, Texas and generates parking violation notices based on parking violations committed by individuals using such parking facilities.

28. For example, John Conway, on information and belief PRRS's co-founder, has stated that PRRS is "installing the system" at parking facilities of its customers.[17]

29. PRRS has installed its own signs at parking facilities in this District bearing PRRS's own name and purporting to establish terms and conditions of a contract between PRRS and those who park at that facility.

30. Images of PRRS's sign installed at parking facilities located at 305 South

[15] https://comptroller.texas.gov/taxes/franchise/account-status/search/32059110927

[16] https://comptroller.texas.gov/taxes/franchise/account-status/search/32059110927

[17] https://www.facebook.com/Parkingprrs/videos/768476596907647, at 1:00.

Congress Avenue, Austin, Texas; 108 W. Gibson, Austin, Texas; and 920 South Santa Fe Street, El Paso, Texas are attached to this Complaint at Exhibit 3.

31. Upon information and belief PRRS installs and operates parking monitoring equipment, including but not limited to permanently installed parking cameras, as well as its own signage, at fixed locations within parking facilities in Austin, Texas, including but not limited to facilities located at:

- 510 Guadalupe Street, Austin, Texas
- 108 W. Gibson, Austin, Texas
- 305 S. Congress Avenue, Austin, Texas
- 99 Trinity Street, Austin, Texas

32. Upon information and belief, PRRS also generates parking violation notices associated with the locations identified in the preceding paragraph.

33. Exhibit 4 is a true and correct copy of a document titled "Notice of Non-Compliance" provided by PRRS, with respect to a parking facility located at 510 Guadalupe Street in Austin, Texas.

34. Exhibit 5 consists of true and correct copies of screenshots of "Notices" generated by PRRS with respect to parking violations at parking facilities located at 510 Guadelupe Street in Austin, Texas and 2104 Commerce Street in Dallas, Texas.

35. Upon information and belief, PRRS also maintains employees located in this District.

36. For example, Indeed.com displays posted employee reviews from individuals identified as located in "San Antonio, TX," "El Paso, TX," and "Austin, TX".[18]

37. Upon information and belief, PRRS's employees located in this District conduct

[18] https://www.indeed.com/cmp/Parking-Revenue-Recovery-Services/reviews

PRRS's business in person and at physical parking facilities in this District.

38. Upon information and belief, PRRS employees perform activities central to PRRS's business at physical parking facilities of PRRS's customers in this District.

39. At least in view of the foregoing and upon information and belief, the presence of PRRS's employees in this District is important to and connected to such employees' performance of their professional responsibilities and duties in this District, and to PRRS's business in this District.

40. Upon information and belief, PRRS has also purposefully directed its activities at residents in this District by specifically advertising, promoting, offering for sale, selling and/or distributing and continues to advertise, promote, offer for sale, sell, and/or distribute the accused systems that infringe the '580 patent to customers and potential customers in this District.

41. For example, upon information and belief PRRS has provided and continues to willfully provide the infringing accused systems at parking lots and/or facilities in this District, including at facilities in the city of Austin, Texas located at least at 510 Guadalupe Street, 108 W. Gibson, 305 S. Congress Avenue, and 99 Trinity Street as explained above and further alleged below and in the attached Exhibit 2, and PRRS has derived substantial revenues from such infringement occurring within Texas and this District.

42. The patent infringement claim alleged herein arises out of or is related to one or more of the foregoing activities. As explained above and further in the specific allegations below, on information and belief a substantial part of the events giving rise to MPS's claim against PRRS have occurred in Texas and this District.

43. Moreover, Plaintiff MPS is a competitor of PRRS. MPS has an office and established place of business in the State of Texas and specifically in Austin, Texas in this

District, and MPS's customers and potential customers reside in the State of Texas (including in this District). Therefore, PRRS's infringing acts giving rise to this lawsuit and the harm MPS has suffered have both occurred in this District.

44. Defendant PRRS has established sufficient minimum contacts with the State of Texas and this District such that PRRS should reasonably and fairly anticipate being brought into court in the State of Texas and this District without offending traditional notions of fair play and substantial justice.

45. Venue is proper in this District as to PRRS under 28 U.S.C. §§ 1391(b) and 1400(b).

46. Venue is proper as to PRRS because, on information and belief, PRRS has committed acts of infringement in this District, and PRRS also has a regular and established place of business in this District.

47. Upon information and belief, as explained above and also as alleged further below and in attached Exhibit 2, PRRS has committed and continues to commit acts of infringement in this District, by making, using, offering for sale, selling, or importing and/or inducing others to use, or contributing to others' use of, the accused systems, including at facilities located at 510 Guadalupe Street, 108 W. Gibson, 305 S. Congress Avenue, and 99 Trinity Street in Austin, Texas.

48. Upon information and belief, and also as explained above in paragraphs 21 through 47, PRRS also has a regular and established place of business in this District. Further, upon information and belief and also as explained in paragraphs 21 through 47 above, PRRS's business at its established locations in this District relates to the infringing making, use, offer to sell, sale, or import of the accused systems.

49. This Court has personal jurisdiction over LAZ Parking, at least because LAZ Parking (i) has a presence or regular and established place of business in the State of Texas and this District; (ii) has purposefully availed itself to the privileges of conducting business in the State of Texas and this District; (iii) has done and is doing substantial business in the State of Texas and this District, directly or through intermediaries, both generally and, on information and belief, with respect to the allegations in this Complaint, including committing (directly or indirectly) one or more acts of infringement in the State of Texas and this District; and/or (iv) maintains continuous and systematic business contacts in the State of Texas and this District.

50. Upon information and belief, LAZ Parking Texas LLC and LAZ Karp Associates, LLC are registered to do business in Texas with the Texas Comptroller of Public Accounts, and each of LAZ Parking Texas and LAZ Karp Associates, LLC may be served with process by serving their registered agent in Texas at Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.[19]

51. Upon information and belief, LAZ Parking does regularly and continuously do business in Texas and in this District.

52. Upon information and belief, LAZ Parking maintains regular and established places of business in this District and generates substantial revenues from its business activities in this District.

53. For example, upon information and belief, LAZ Parking maintains a physical office and employees in this District, including at 515 Congress Ave., Suite 2240, Austin, TX. See, for example, https://www.lazparking.com/our-company/about/contact-us#ntx:

---

[19] https://comptroller.texas.gov/taxes/franchise/account-status/search/32018123284
https://comptroller.texas.gov/taxes/franchise/account-status/search/12611647087




54. As other examples, upon information and belief, LAZ Parking also maintains regular and established places of business at parking facilities in Texas and in this District that it operates, including monitoring and managing entry and exit to such parking facilities.

55. LAZ Parking's website shows 63 different parking facilities available in Austin, Texas:




https://go.lazparking.com/search-results/Austin-Texas-US?start=2026-09-29T19%3A31%3A24.308Z&end=2026-09-29T21%3A31%3A24.308Z

56. Upon information and belief, LAZ Parking also maintains ownership, management, and/or control over the parking facilities shown in the preceding paragraph, including but not limited to the means of entry and exit at such facilities.

57. In addition, upon information and belief LAZ Parking has contracted with PRRS for PRRS to provide the accused systems at parking facilities owned, operated, managed, and/or controlled by LAZ Parking, including such facilities located in this District, the use of which systems infringes the '580 patent as alleged in this Complaint and the attached and incorporated by reference Exhibit 2.

58. Upon information and belief, LAZ Parking operates parking facilities located in Austin, Texas at 510 Guadalupe Street, 108 W. Gibson, 305 S. Congress Ave, and 99 Trinity Street in Austin, Texas.

59. Below are true and correct screen captures from LAZ Parking's website for

parking facilities operated by LAZ Parking located at 510 Guadalupe Street and 108 W. Gibson in Austin, Texas:

| 510 Guadalupe, Austin, TX | 108 W. Gibson, Austin, TX |
|---|---|
| <br>https://go.lazparking.com/buynow?l=750&start=2025-04-08T22%3A46%3A23.310Z&end=2025-04-09T00%3A46%3A23.310Z | <br>https://go.lazparking.com/buynow?l=138983&start=2025-06-06T16%3A30%3A30.938Z&end=2025-06-06T18%3A30%3A30.938Z |

60. Upon information and belief, parking facilities where LAZ Parking has contracted for the infringing use of the accused systems include but are not limited to those located at 510 Guadalupe Street, 108 W. Gibson, 305 S. Congress Ave, and 99 Trinity Street in Austin, Texas.

61. Upon information and belief, LAZ Parking Texas LLC also owns 510 Guadalupe Street, Austin, Texas. Exhibit 6.

62. Exhibit 6 is a true and correct copy of a property search record for 510 Guadalupe Street, Austin, Texas, from the website record of the Travis Central Appraisal District of Travis County, Texas, available at https://travis.prodigycad.com/property-detail/848897/2025.

63. Upon information and belief, by knowingly contracting for and/or using the accused automated parking monitoring and management systems at parking facilities owned, operated, managed, and/or controlled by LAZ Parking in the State of Texas and this District, LAZ Parking has committed acts of infringement in the State of Texas and in this District, directly or indirectly, as explained above and further herein below.

64. The patent infringement claim alleged herein arises out of or are related to one or more of the foregoing activities. As explained above and further in the specific allegations below, on information and belief a substantial part of the events giving rise to MPS's claim against LAZ Parking have occurred in the State of Texas and this District.

65. LAZ Parking has established sufficient minimum contacts with the State of Texas and this District such that LAZ Parking should reasonably and fairly anticipate being brought into court in the State of Texas and this District without offending traditional notions of fair play and substantial justice.

66. Venue is proper in this District as to LAZ Parking under 28 U.S.C. §§ 1391(b) and 1400(b).

67. Venue is proper as to LAZ Parking because, on information and belief, LAZ Parking has committed acts of infringement in this District, and LAZ Parking also has a regular and established place of business in this district.

68. Upon information and belief, as explained above and also as alleged further below and in attached Exhibit 2, LAZ Parking has committed and continues to commit acts of infringement in this District, including by using and/or inducing others to use the accused systems at parking facilities located in this District, including at facilities located in Austin, Texas at 510 Guadalupe Street, 108 W. Gibson, 305 S. Congress Avenue, and 99 Trinity Street.

69. Upon information and belief, and as explained above in paragraphs 49 through 68, LAZ Parking also has regular and established places of business in this District. Further, upon information and belief and also as explained in paragraphs 49 through 68 above, LAZ Parking's business at its established locations in this District relate to the infringing use of the accused systems.

**JOINDER**

70. MPS seeks the relief requested herein, including an injunction and appropriate damages, against PRRS itself based on PRRS's activities related to the making, use, offering for sale, selling, or import of the accused systems, including but not limited to provision of or use of such systems for PRRS customer LAZ Parking.

71. As to the activities of LAZ Parking specifically, MPS seeks the relief requested herein against each of PRRS and LAZ Parking jointly, severally, or in the alternative, arising out of the use of the same infringing accused systems at LAZ Parking locations.

72. Joinder of PRRS customer LAZ Parking to this action is proper under at least Federal Rule of Civil Procedure 20 and 35 U.S.C. § 299, at least because the infringing conduct of each Defendant that is alleged by this Complaint arises out of the same transaction, occurrence, or series of transactions or occurrences, relating to using the same accused system, and questions of fact common to all Defendants will arise in this action.

73. For example, upon information and belief, PRRS makes, uses, offers for sale, and/or sells the accused systems for or to its customers including joined defendants LAZ Parking, and in doing so infringes claims of the '580 patent.

74. Also, upon information and belief, LAZ Parking uses and/or induces others to use the accused systems, and in doing so infringes, directly and/or indirectly, claims of the '580 patent.

75. Upon information and belief, because the accused systems have been used and are in use at LAZ Parking facilities, there are sales, licensing and/or technology or other business agreements related to the accused systems between LAZ Parking and PRRS.

76. At least in view of the facts alleged in paragraphs 70 through 75 above and

because infringement allegations as to each Defendant concern use of the same accused systems, questions of fact common to all Defendants will arise in this action.

## BACKGROUND AND '580 PATENT

77. Since its inception, Plaintiff MPS has become a pioneering force in the smart parking industry. As MPS has grown, it has expanded operations across the United States, including in Austin, Texas.

78. MPS provides municipalities and the public with smart parking technology to help keep cities and campuses safer:




https://municipalparkingservices.com/.

79. MPS has successfully designed, developed, patented, and deployed innovative technology that provides its customers with automated, cost-effective parking lot monitoring and management solutions.

80. More specifically, MPS's patented technology includes automated processes and systems that capture the identity information of vehicles entering and exiting parking lots, calculate associated fees, and generate parking violation notices where appropriate.

81. MPS's solutions allow automated maintenance of parking lots via sophisticated camera usage and cloud-based servers. An example is below:







82. Customers of MPS's patented automated parking solutions include public municipalities and private parking facility operators.

83. MPS has invested substantial resources to develop and patent its automated parking technology. As a result, MPS has been awarded various patents protecting its innovations, including the '580 patent.

84. The '580 patent relates to, among other things, a novel system to enforce parking rules at multiple facilities and generate parking violation notices.

85. MPS is the owner of the entire right, title, and interest in and to the '580 patent, which duly and legally issued on October 6, 2026. The '580 patent is entitled "Parking meter system." A copy of the '580 patent is attached as Exhibit 1.

86. The claims of the '580 patent carry a presumption of validity under 35 U.S.C. § 282(a) and are enforceable.

**OVERVIEW OF DEFENDANTS' INFINGEMENT**

87. Upon information and belief PRRS (and/or alternatively PRRS's customers) has directly infringed claims of the '580 patent, literally or via the doctrine of equivalents, by making, using, selling, offering for sale, or importing systems of parking monitoring and management that are protected by the '580 patent at various parking facilities throughout the United States including in this District, as further alleged herein and as alleged in the attached Exhibit 2, which is incorporated herein by reference.

88. For example, on information and belief PRRS makes, uses, sells, offers for sale, or imports a system that automatically captures image data of a vehicle entering and exiting a parking facility with cameras, identifies and records the time of a vehicle entering and exiting, determines when a parking violation has occurred, and automatically generate a parking violation notice.

89. Examples of parking violation "notices" generated by PRRS are below and in the attached Exhibit 5:


PRRS
EN
14:58
Active Notices
2 items
LAZAUS-317959
TX, Austin, 510 Guadalupe Street
$102.00
Due
PCADAL-1432203
TX, Dallas, 2104 Commerce Street
$97.00
Due
Payment Summary
$199.00
Invoice Details
Full name / Company name *
Email address *
Address *
© 2026 - PARKING REVENUE RECOVERY SERVICES. All rights reserved.
Privacy Policy
Terms and Conditions
pay.prrsparking.com


PRRS
EN
14:40
Active Notices
2 items
LAZAUS-317959
TX, Austin, 510 Guadalupe Street
$102.00
Due
Vehicle
Plate number: XLP4534
Plate state/Province: Texas - USA
Parking
Parking lot: TX, Austin, 510 Guadalupe Street
Notice reason: NoPaymentAfterGracePeriodExited
Facility use started: Sep 11, 2026 at 9:55 PM*
Facility use ended: Sep 12, 2026 at 2:31 AM*
Notice date: Sep 12, 2026 at 2:31 AM*
Invoice details
Notice amount $102.00
Total $102.00
Click to see vehicle images
*All dates and times are displayed in Central Daylight Time.
PCADAL-1432203
TX, Dallas, 2104 Commerce Street
$97.00
Due
© 2026 - PARKING REVENUE RECOVERY SERVICES. All rights reserved.
Privacy Policy
Terms and Conditions
pay.prrsparking.com







90. The screenshots in the preceding paragraph were accessible and available via PRRS's website, https://pay.prrsparking.com/my-notices?noticeNumber=LAZAUS-317959, as of October 6, 2026.

91. Other examples of parking violation "notices" generated by PRRS include the below, which is a true and correct screenshot from a video that, on information and belief, was generated by PRRS:




https://www.youtube.com/watch?v=SOOz-6riR2c at 1:34.

92. Although some of the evidence and examples shown herein were generated prior to the issuance of the ’580 patent, upon information and belief, Defendants continue to make, use, offer for sale, sell, or import the accused systems as described herein, have not altered their practices in a material way, are infringing the ’580 patent as of October 6, 2026, and will continue to infringe if not enjoined.

93. A PRRS webpage stated that ARC” stands for “Automated Recognition and Compliance System, ARC for short.” Previously available at https://prrsparking.com/complianceprograms.html.

94. PRRS also refers to its ARC systems as “compliance monitoring” for parking facilities, and PRRS explains that such monitoring allows for “24/7 monitoring of the transportation facilities.” https://prrsparking.com/services/.

95. Upon information and belief, PRRS has provided and continues to provide, systems for "parking lot monitoring" via "fixed LPR [license plate recognition]" as well as "[violation] notice and data management".

96. PRRS provided the below information on one of its webpages:

PRRS ensures superior performance from existing assets owned and operated by an operator by monitoring the usage of an asset or area to ensure compliance with the operator's terms of service, operating rules, access authorizations and fee schedules.

## THE 5 FOUNDATIONS OF OUR COMPLIANCE PROGRAM




Previously available at https://prrsparking.com/services.html.

97. Upon information and belief PRRS has provided and continues to provide to the accused systems to parking facility operators, including, without limitation, LAZ Parking.

98. For example, a PRRS webpage explained that it provides "monitoring" of parking lots using its "automated ARC System" to "identify exceptions to [lot operators'] rules and terms of service" and "ensure that exceptions are identified and documented efficiently." Previously available at https://prrsparking.com/services.html#serviceDetails.

99. For example, a PRRS webpage explained that PRRS provides "notice and data management," via "software [that] automates the enforcement and management process in one holistic solution to streamline notice issuance and processing." Previously available at https://prrsparking.com/services.html#serviceDetails.

100. A PRRS webpage provided the below information:




Previously available at https://prrsparking.com/complianceprograms.html#complianceDetails.

101. Upon information and belief, the "ALPR" referenced on PRRS's website refers to "Automated License Plate Recognition."

102. Upon information and belief, PRRS posted a promotional video regarding its "ARC" system on YouTube, at the following URL: https://www.youtube.com/watch?v=SOOz-6riR2c.

103. Below is a true and correct copy of a screenshot from the video at the URL https://www.youtube.com/watch?v=SOOz-6riR2c, at the 1:55 mark:



104. Upon information and belief, PRRS's ARC system/services have and continue to automatically generate parking violation.

105. For example, PRRS has represented that it generates and mails documents such as Exhibit 4, which is entitled "Notice of Non-Compliance," for the parking lot located at 510 Guadalupe Street, Austin, TX.

106. Exhibit 4 shows a "QR Code," and provides a statement "To view additional details of your parking session or this notice, scan the QR Code."

107. Scanning the QR code in Exhibit 4 leads to a "notice" generated by PRRS, true and correct screenshots of which are below and attached as Exhibit 5:






108. The notice shown in the immediately preceding paragraph was automatically generated by the accused system and populated with at least the characters corresponding to the license plate of a first vehicle, the time of entry for the first vehicle, and an image of the first vehicle based on first and/or the second image data captured at the first parking facility.

109. Upon information and belief, PRRS posted a video at the following URL that also explains its "ARC" system: https://www.facebook.com/Parkingprrs/videos/768476596907647.

110. The video posted at https://www.facebook.com/Parkingprrs/videos/768476596907647 states:

> "The license plate recognition camera, grabs the license plate image of the customer captures the time that they entered the lot. It gives them a 10 minute grace period to walk to the pay station and pay the pay station. If they don't pay and they don't meet that 10 minute grace period and they remain on the lot when they exit the lot. It'll capture their exit time and then that information will be sent to our screamer program, PRRS's enforcement system, and it'll send a letter to that person within one to two business days of a violation that they were either over time or they didn't pay the parking fee for the day."

111. Upon information and belief, the individual shown and featured in the video posted at https://www.facebook.com/Parkingprrs/videos/768476596907647 is PRRS's Executive Vice President, John Conway.

112. Upon information and belief, infringing systems are also provided by PRRS to its customers under the "Paralign" name, including the "Autostart" system/services.

113. Upon information and belief, PRRS provided a press release that is shown at https://www.parking-mobility.org/news/prrs-launches-autostart/, a true and correct excerpt of which is below:




**Denver, CO –** PRRS, the leading provider of parking compliance solutions, announced the introduction of Autostart, a

114. The news release located at https://www.parking-mobility.org/news/prrs-launches-autostart/ states that "Autostart offers an open network, precise payment activation for gateless, free-flow parking facilities, capturing and verifying license plate data the instant a vehicle enters and exits a facility and automatically charging drivers." https://paralign.co/add-ons/autostart/.

115. A website under the "Paralign" name is linked to this news release and describes Autostart as "an add-on feature that enables camera-only parking – no barriers, no ticket machines, no app required at the point of entry." https://paralign.co/add-ons/autostart/.

116. Upon information and belief, the "Paralign" website and name is owned and controlled by PRRS.

117. Upon information and belief, the system offered under the "Paralign" name are

provided and controlled by PRRS.

118. Upon information and belief, PRRS provided and caused to be published a press release entitled "PRRS Launches Autostart," which states that "PRRS, the leading provider of parking compliance solutions, announced the introduction of Autostart." https://www.parking-mobility.org/news/prrs-launches-autostart/.

119. PRRS also describes Paralign as "[o]ur tech partner" on its website. https://prrsparking.com/services/.

120. Upon information and belief, the accused systems comprise all of the claimed elements of at least claim 1 of the '580 patent and therefore directly infringe at least claim 1 of the '580 patent the United States, the State of Texas, and this District, as alleged above and further below and also as shown in the attached Exhibit 2, which are incorporated as if fully set forth herein.

121. On information and belief, LAZ Parking has contracted with PRRS for the use of accused systems at parking lots operated by LAZ Parking, including at lots in Austin, Texas as alleged above.

122. On information and belief, the accused systems used at LAZ Parking-operated parking lots, including LAZ Parking-operated parking lots in Austin, Texas, infringe at least claim 1 of the '580 patent the United States, the State of Texas, and this District, as alleged herein and in the attached Exhibit 2.

123. By contracting with PRRS for the infringing systems/services at LAZ Parking operated parking lots, upon information and belief LAZ Parking has induced infringement of the '580 patent the United States, the State of Texas, and this District, as alleged above and further below.

124. In the alternative, PRRS is indirectly infringing the ’580 patent by actively inducing and/or contributing to the direct infringement by others of the ’580 patent in the United States, the State of Texas, and this District, PRRS and is liable for infringement under 35 U.S.C. §§ 271(b) and/or (c).

**DEFENDANTS’ KNOWLEDGE OF THE ’580 PATENT**

125. Upon information and belief, Defendants knew about the ’580 patent at least as of the date of the filing of this Complaint.

126. The ’580 patent is part of the same patent family as U.S. Pat. No. 10,121,172, the ’302 patent, the ’205 patent, U.S. Pat. No. 12,142,085, and U.S. Pat. No. 12,249,187, which are asserted against Defendants in another currently stayed lawsuit pending in this District.

127. The ’580 patent is also part of the same patent family as U.S. Pat. No. 12,688,734, which is asserted against Defendants in another lawsuit pending in this District, *Municipal Parking Services, Inc. v. Parking Revenue Recovery Services, Inc.*, No. 1:26-CV-02015 (W.D. Tex.).

128. Upon information and belief, Defendants have been monitoring the application that resulted in the ’580 patent and were aware prior to the filing of this Complaint that the U.S. Patent Office had allowed the claims of the ’580 patent.

129. On information and belief, and as alleged above, Defendants have known of the existence of the ’580 patent and its applicability to the accused system, and Defendants’ acts of infringement are and will continue to be willful and in disregard for the ’580 patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct, at least as of filing date of this Complaint.

**COUNT 1**
**Infringement of U.S. Patent No. 12,688,580**

130. MPS incorporates the paragraphs above as if fully set forth herein.

131. MPS is the assignee of all right, title and interest in the ’580 patent, a copy of which is attached as Exhibit 1.

132. Upon information and belief, PRRS has infringed claims of the ’580 patent, directly or indirectly, by making, using, offering to sell, selling, or importing the accused system, for and/or at parking facilities of its customers throughout the United States, including parking facilities of customers located in this District.

133. PRRS makes, uses, offers for sale, sells, or imports a system that meets all claim elements of at least claim 1 of the ’580 patent and therefore infringes at least that claim. A comparison of claim 1 of the ’580 patent to the accused system is attached as Exhibit 2, which is incorporated herein by reference.

134. Upon information and belief, PRRS directly infringes under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, claims of the ’580 patent by making, using, offering for sale, selling, or importing the accused system, including but not limited to, using the accused system at parking facilities located in this District.

135. For example, PRRS uses the accused system to provide parking compliance services to its customers.

136. Upon information and belief, PRRS uses and controls the accused system and obtains the benefit from using the accused system, making the system elements work for their intended purpose by collecting the parking data and images of vehicles from parking facilities, querying databases for payment information to determine violations and generating violation notices.

137. For example, PRRS uses the system to provide parking violation notices that include a "notice fee" to individuals who violate parking rules of a customer's parking facility in PRRS's name, and on information and belief, PRRS keeps a portion of the "notice fee" that is collected.

138. In the alternative, PRRS is vicariously liable for its customers' infringing use of the accused systems.

139. Upon information and belief, PRRS's customers enter into and have entered into a contractual relationships with PRRS and/or a joint enterprise to put the accused system to use at the customer's parking facility and to provide the customer with the benefit of that use. Examples of such benefits to PRRS's customers include, on information and belief, increased compliance with parking rules for the customer's parking facility, and/or receipt by the customer of a portion of the "notice fee" collected by PRRS from individuals violating that parking facility's parking rules.

140. Upon information and belief, PRRS directs or controls its customers, by virtue of contractual relationship(s), to put the accused system into use at the customer's parking facility.

141. In the alternative, PRRS is indirectly infringing the '580 patent by actively inducing and/or contributing to the direct infringement by PRRS's customers of the '580 patent in the United States, the State of Texas, and this District.

142. Upon information and belief, PRRS knew of the '580 patent at least as of the filing of the Complaint as alleged above.

143. In the alternative, upon information and belief, PRRS is now in violation of 35 U.S.C. § 271(b) by knowingly and intentionally inducing infringement of claims of the '580 patent, including at least claim 1. Upon information and belief, PRRS specifically intended and

was aware, and continues to intend and be aware, that the ordinary and customary use of the accused parking monitoring and management system by its customers would infringe the ’580 patent.

144. Upon information and belief, PRRS took active steps, and continues to take active steps, to encourage its customers to use and operate the accused automated parking monitoring and management systems at parking facilities of PRRS customers, despite knowing of the ’580 patent, in a manner PRRS knew to directly infringe claims of the ’580 patent, including at least claim 1. Further, upon information and belief PRRS provides product and/or service manuals and other technical information that cause its customers and/or other third parties to use and to operate the accused system, for its ordinary and customary use, such that PRRS’s customers and/or other third parties have directly infringed the ’580 patent, through the normal and customary use of the accused system. For example, see Exhibit 7, p.1 (“Facility Monitoring and Compliance Agreement Terms and Conditions” posted on PRRS’s website, stating that PRRS provides “ARC Software modules and related documentation” to its customers). Upon information and belief, such software and/or documentation instructs PRRS’s customers to use system(s) that infringe at least claim 1 of the ’580 patent.

145. Upon information and belief, PRRS’s encouragement of its customers to use the accused system according to its ordinary and customary usage resulted in, and continues to result in, PRRS’s customers directly infringing claims of the ’580 patent, including at least claim 1.

146. In the alternative, PRRS also is now in violation of 35 U.S.C. § 271(c) by contributing to infringement of claims of the ’580 patent, including at least claim 1, literally and/or under the doctrine of equivalents, by, among other things, selling, offering for sale, and/or importing within this District and elsewhere in the United States, the accused automated parking

monitoring and management systems, with knowledge of the ’580 patent and knowing that such automated parking monitoring and management systems are especially made or especially adapted for use in the infringement of the ’580 patent, and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

147. Upon information and belief, LAZ Parking is indirectly infringing the ’580 patent, including by knowingly, actively, and intentionally inducing the direct infringement by others of the ’580 patent in the United States, the State of Texas, and this District.

148. For example, upon information and belief LAZ Parking has contracted with PRRS to deploy the accused system at parking facilities operated by LAZ Parking located at 510 Guadalupe Street, 108 W. Gibson, 305 S. Congress Avenue, and 99 Trinity Street in Austin, Texas as well as at additional locations within the United States.

149. As alleged above, the accused system that is in use at parking lots operated by LAZ Parking infringes claims of the ’580 patent, including at least claim 1. A comparison of claim 1 of the ’580 patent to the accused system is attached as Exhibit 2, which is incorporated herein by reference.

150. Upon information and belief, LAZ Parking knew of the ’580 patent no later than the date of filing of this Complaint.

151. Upon information and belief, LAZ Parking specifically intended and was aware, and continues to intend and be aware, that the ordinary and customary use of the accused system at LAZ Parking-operated facilities would infringe the ’580 patent, including at least claim 1.

152. Upon information and belief, LAZ Parking additionally took active steps, and continues to take active steps, to encourage PRRS to use and operate the accused system at LAZ Parking’s facilities, despite knowing of the ’580 patent, in a manner LAZ Parking knew to

directly infringe claims of the ’580 patent, including at least claim 1.

153. Upon information and belief LAZ Parking knew that the normal and customary use by PRRS of the accused system at LAZ Parking-operated lots directly infringed the ‘580 patent.

154. In the alternative, or in addition, upon information and belief, LAZ Parking is directly infringing the ’580 patent by using the accused system at parking facilities it operates, including those facilities located at 510 Guadalupe Street, 108 W. Gibson, 305 S. Congress Ave, and 99 Trinity Street in Austin, Texas.

155. For example, on information and belief, LAZ Parking has contracted for the accused system to be put to use at parking facilities it operates.

156. On information and belief, LAZ Parking controls the accused system put to use at parking facilities it operates and obtains benefit from the accused system.

157. Examples of benefits to LAZ Parking include, on information and belief, increased compliance with parking rules for the LAZP Parking’s parking facilities where the accused system is used, and/or LAZ Parking’s receipt of a portion of the “notice fee” collected by PRRS from individuals violating the parking facility’s parking rules.

158. In the alternative, LAZ Parking is vicariously liable for PRRS’s infringing use of the accused system. LAZ Parking is vicariously liable either by directing or controlling PRRS, by virtue of contractual relationship(s), or by forming a joint enterprise with PRRS to put the accused system into use and also to allow for use of the accused system at LAZ Parking’s parking facilities.

159. Defendants’ infringement of the ’580 patent is ongoing.

160. Defendants’ infringement of the ’580 patent is and continues to be willful, at least

as of the date of each Defendant's knowledge of the '580 patent as alleged above.

161. Defendants have profited from and will continue to profit from their infringing activities. MPS has been and will continue to be damaged by Defendants' infringing activities. As a result, MPS is entitled to injunctive relief and damages adequate to compensate it for such infringement, in accordance with 35 U.S.C. §§ 271, 281, 283, and 284. The harm to MPS from Defendants' ongoing infringing activity is irreparable, is continuing, is not fully compensable by money damages, and will continue unless Defendants' infringing activities are enjoined.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff MPS requests that this Court grant the following relief:

A. A judgment that Defendants have infringed the '580 patent;

B. An order restraining and enjoining Defendants, their officers, agents, attorneys and employees, and those acting in privity or concert with Defendants, from further infringing the '580 patent;

C. A judgment and order requiring Defendants to pay all appropriate damages under 35 U.S.C. § 284, including prejudgment and post-judgment interest and including damages arising from Defendants' continuing infringement up until the date Defendants are finally and permanently enjoined from further infringement;

D. A determination that Defendants' ongoing infringement of the '580 patent is willful and an award of treble damages to MPS pursuant to 35 U.S.C. § 284;

E. A judgment and order requiring Defendants to pay MPS's attorney's fees incurred in connection with this lawsuit, if this case is found to be exceptional as provided by 35 U.S.C. § 285;

F. An order awarding MPS costs and expenses in this action; and

G. Such other and further relief as the Court may deem just and equitable.

**DEMAND FOR TRIAL BY JURY**

Plaintiff MPS demands a trial by jury on all issues that are so triable.

Dated: October 6, 2026

Respectfully submitted,

/s/ *Deron R. Dacus*
Deron R. Dacus
State Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone/Fax: 903-705-1117
ddacus@dacusfirm.com

Philip P. Caspers (*Pro Hac Vice forthcoming*)
Samuel A. Hamer (*Pro Hac Vice forthcoming*)
Peter M. Kohlhepp (*Pro Hac Vice forthcoming*)
R. Willes Ely (*Pro Hac Vice forthcoming*)
Matthew R. Klaes (*Pro Hac Vice forthcoming*)
Carlson, Caspers, Vandenburgh
& Lindquist P.A.
225 South Sixth Street, Suite 4200
Minneapolis, MN 55402
Phone: (612) 436-9659
Facsimile: (612) 436-9605
pcaspers@carlsoncaspers.com
shamer@carlsoncaspers.com
pkohlhepp@carlsoncaspers.com
wely@carlsoncaspers.com
mklaes@carlsoncaspers.com

*Attorneys for Plaintiff Municipal Parking Services, Inc.*